IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TERRY V. LEWIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:11 CV 442 |
| TYSON FOODS, INC., TYSON FRESH MEATS, INC., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc.'s ("defendants") motion to dismiss plaintiff Terry Lewis's pro se complaint. (DE # 17.) Plaintiff has not responded to this motion, and the time to do so has now passed. For the following reasons, defendants' motion is granted.

**I.     Facts**

The factual allegations in plaintiff's pro se complaint are sparse:

> I was written up by supervisor unjustly and they tried to hide the fact and the write up was re-moved when I filed with the EEOC. My union rep Juan Garcia didn't file my racial discrimination greivance until I spoke with Head of Human Resources Kelly Robinson, and Dustin Homm, and Norris Baker. [All sic]

(DE # 1 at 2-3.) Although he does not state it in his complaint, plaintiff is, presumably, one of defendants' employees. Plaintiff contends that defendants violated both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by discriminating against him on the basis of his race. (*Id.* at 1-2.) Defendants have now moved to dismiss plaintiff's claims under FED. R. CIV. P. 12(b)(6).

## II. Legal Standard

Defendants have moved to dismiss plaintiff's claims under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to state a claim upon which relief may be granted. A judge reviewing a complaint under a RULE 12(b)(6) standard must construe it in the light most favorable to the non-moving party, accept well-pleaded facts as true, and draw all inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Reger Dev., LLC v. Nat'l City Bank,* 595 F.3d 759, 763 (7th Cir. 2010). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under the liberal notice-pleading requirements of the FEDERAL RULES OF CIVIL PROCEDURE, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To satisfy RULE 8(a), "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson*, 551 U.S. at 93 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Twombly,* 550 U.S. at 555, 570. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To meet this standard, a complaint

does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing *Sanjuan v. Am. Bd. of Psychiatry & Neurology*, 40 F.3d 247, 251 (7th Cir. 1994) among other authorities). As the Seventh Circuit recently explained, a complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).

However, the plaintiff does not need to plead facts that establish each element of a cause of action and, "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Sanjuan*, 40 F.3d at 251. Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555, 570.

**III.    Analysis**

As noted earlier, plaintiff alleges that defendants violated both Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Title VII forbids an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to [the individual's] compensation, terms, conditions, or privileges of employment, because of such individual's race . . . or national origin." 42 U.S.C. § 2000e-2(a). "Section 1981 prohibits race discrimination in the making and forming of contracts." *Smiley v. Columbia Coll. Chi.*, 714 F.3d 998, 1002 (7th Cir. 2013).

3

"The substantive standards and methods that apply to Title VII also apply to 42 U.S.C. § 1981." *Johnson v. Gen. Bd. of Pension & Health Benefits of United Methodist Church*, --- F.3d ----, 2013 WL 5704174, at * 2 (7th Cir. Oct. 21, 2013); *see also Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012) ("The substantive standards and methods of proof that apply to claims of racial discrimination and retaliation under Title VII also apply to claims under § 1981.").

Defendants argue that plaintiff's Title VII and Section 1981 discrimination claims must be dismissed because plaintiff has failed to allege that he suffered an adverse employment action. (*See* DE # 18 at 3-5.) The Seventh Circuit has stated that plaintiffs alleging employment discrimination under Title VII "may allege these claims quite generally." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). "A complaint need not 'allege all, or *any,* of the facts logically entailed by the claim,' and it certainly need not include evidence." *Id.* (quoting *Bennett v. Schmidt,* 153 F.3d 516, 518 (7th Cir. 1998) (emphasis in original)). "[I]n order to prevent dismissal under Rule 12(b)(6), a complaint alleging [racial] discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [race]." *See Tamayo*, 526 F.3d at 1084; *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013) (same); *Huri v. Circuit Court of Cook County*, No. 11 C 3675, 2012 WL 1431268, at *3 (N.D. Ill. Apr. 25, 2012) ("For a Title VII discrimination claim, a plaintiff must allege facts that plausibly suggest that the defendant employer 'instituted an adverse

4

employment action against [the plaintiff] on the basis of her' protected characteristic."
(quoting *Joren v. Napolitano*, 633 F.3d 1144, 1146 (7th Cir. 2011))).

Adverse employment actions are usually "economic injuries such as dismissal, suspension, failure to promote, or diminution in pay." *Markel v. Bd. of Regents of Univ. of Wis. Sys.*, 276 F.3d 906, 911 (7th Cir. 2002); *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 761-62 (1998) ("A tangible employment action in most cases inflicts direct economic harm."). An adverse employment action can also be one that imposes future financial harm because it "significantly reduces the employee's career prospects by preventing him from using the skills in which he is trained and experienced, so that the skills are likely to atrophy and his career is likely to be stunted." *Herrnreiter v. Chi. Hous. Auth.,* 315 F.3d 742, 744 (7th Cir. 2002) Or it can be an action that subjects the employee to changes in his condition that are "humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative." *Id.* In any scenario, an adverse employment action must be something that "materially alter[s] the terms and conditions of employment." *Stutler v. Ill. Dep't of Corrs.*, 263 F.3d 698, 703 (7th Cir. 2001); *see also Porter v. City of Chi.*, 700 F.3d 944, 954 (7th Cir. 2012) (same).

In his complaint, plaintiff has alleged two possible adverse employment actions. First, plaintiff alleges that he received an unwarranted disciplinary write-up. (DE # 1 at 2.) As defendants correctly point out, however, "written reprimands without any changes in the terms or conditions of his employment are not adverse employment actions." *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009); *see also Porter v.*

5

*City of Chi.*, 700 F.3d at 954-55 (same); *Oest v. Ill. Dep't of Corr.*, 240 F.3d 605, 612–13 (7th Cir. 2001) (concluding that written reprimands received under progressive discipline policy were not adverse employment actions). Although plaintiff has alleged that this written reprimand was unwarranted, plaintiff has not alleged that it resulted in any change to the terms or conditions of his employment, and therefore, plaintiff has not alleged an action that constitutes a materially adverse employment action. *See Sweeney v. West*, 149 F.3d 550, 556 (7th Cir. 1998) ("At most [plaintiff] has documented instances in which she was unfairly reprimanded for conduct she either did not engage in or should not have been responsible for. Absent some tangible job consequence accompanying those reprimands, we decline to broaden the definition of adverse employment action to include them.").

Plaintiff has also alleged that his union representative failed to file his racial discrimination grievance until plaintiff spoke with defendants' head of human resources and two other people.[1] (DE # 1 at 3.) Defendants argue that this cannot constitute an adverse employment action because this incident did not result in any change to the terms or conditions of plaintiff's employment. (DE # 18 at 4.)

The Seventh Circuit has developed three general categories of materially adverse employment actions:

---

[1] Although defendants do not raise this point, the court questions how the actions of plaintiff's union representative can be attributed to defendants. Despite this, the court will proceed on the assumption that the union representative's action are somehow attributable to defendants.

6

> (1) cases in which the employee's compensation, fringe benefits, or other financial terms of employment are diminished, including termination; (2) cases in which a nominally lateral transfer with no change in financial terms significantly reduces the employee's career prospects by preventing her from using her skills and experience, so that the skills are likely to atrophy and her career is likely to be stunted; and (3) cases in which the employee is not moved to a different job or the skill requirements of her present job altered, but the conditions in which she works are changed in a way that subjects her to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in her workplace environment.

*Dass v. Chicago Bd. of Educ.*, 675 F.3d 1060, 1069 (7th Cir. 2012) (quoting *Nichols v. S. Illinois Univ.-Edwardsville,* 510 F.3d 772, 780 (7th Cir. 2007)). Plaintiff's allegation regarding the delayed filing of his grievance does not fit into any of those categories.

Additionally, the majority of cases the court was able to find discussing whether an employer's delay in investigating an employee's complaint found that the delays did not constitute adverse employment actions. *Simmons v. Indiana State Police*, No. 2:10–cv–275, 2012 WL 681596, at *8 (S.D. Ind. Feb. 29, 2012) (employer's delay in investigating hostile work environment claim did not constitute an adverse employment action); *Gacutan v. Potter*, No. 07-0005, 2008 WL 2371923, at * 3 (D. N.J. June 6, 2008) ("[Plaintiff] has not established that the delay of approximately three weeks before investigating her complaint effected a material change in the terms or conditions of her employment."); *see also Keeley v. Small*, 391 F. Supp. 2d 30, 37-38 (D. D.C. 2005) (defendant's interference with EEOC investigation did not constitute adverse employment action). *But see Phipps v. New York State Dep't of Labor*, 53 F. Supp. 2d 551, 563 (N.D. N.Y. 1999) (concluding that delay in acting upon plaintiff's discrimination

7

grievances in a timely matter constituted adverse employment action). The court therefore concludes that plaintiff's allegation regarding the delay in investigating his complaint does not constitute an adverse employment action.

In sum, plaintiff has failed to allege an adverse employment action, and defendants' motion to dismiss will be granted accordingly. *See, e.g., Tolliver v. PPG Industries, Inc.*, No. 11–2303, 2012 WL 1982702, at *2-3 (C.D. Ill. May 15, 2012), *adopted in full by* No. 11–CV–2303, 2012 WL 1982539, at * 1 (C.D. Ill. June 4, 2012) (dismissing Title VII discrimination claim under RULE 12(b)(6) because plaintiff failed to allege adverse employment action); *Huri*, 2012 WL 1431268, at *3-4 (same); *Moorman v. Wal-Mart Stores, Inc.*, No. 10–cv–405, 2011 WL 652220, at *5 (S.D. Ill. Feb. 11, 2011) (same); *see also Reyes v. North Park University*, No. 11 C 8585, 2012 WL 6720527, at *4-5 (N.D. Ill. Dec. 27, 2012) (dismissing 42 U.S.C. § 1981 claim under RULE 12(b)(6) because plaintiff failed to allege adverse employment action).[2]

---

[2] Although plaintiff did allege a hostile work environment theory in his complaint, the conduct alleged in the complaint is insufficient to state a hostile work environment claim based on race. *See Ezell v. Potter,* 400 F.3d 1041, 1047 (7th Cir. 2005) ("To be actionable, harassment must be sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment."); *see also Triplett v. Starbucks Coffee*, No. 10 C 5215, 2011 WL 3165576, at *4-7 (N.D. Ill. July 26, 2011) (dismissing hostile work environment claim under RULE 12(b)(6) after concluding plaintiff's allegation that she had been given more severe disciplinary action than white employee for violating the same policy was insufficient to state a hostile work environment claim).

## IV. Conclusion

Defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc.'s motion to dismiss plaintiff Terry Lewis's complaint (DE # 17) is **GRANTED**. The clerk is directed to **ENTER FINAL JUDGMENT** as follows:

> Judgment is entered in favor of defendants Tyson Foods, Inc. and Tyson Fresh Meats, Inc., and against plaintiff Terry Lewis, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: October 29, 2013

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT